**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FANNY OTTOMAN SANCHEZ SABILLON and
JOSE EMANUEL MELGAR PACHECO,

               Petitioners,

v.                                                                    CIVIL ACTION NO. 3:26-0292

KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

               Respondents.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioners Franny Ottoman Sanchez Sabillon and Jose Emanuel

Melgar Pacheco's Amended Verified Petition for Writ of Habeas Corpus. *Am. Pet.*, ECF No. 11

(*Pet.*, ECF No. 1).[1]

Respondents ("the Government") include Kenneth Barnett, Supervisory Detention and

Deportation Officer, United States Immigration and Customs Enforcement (ICE); John Rife, Field

---

[1] The Petition was originally filed by and through their next friend, Emily Chaffin. The
Petition was amended once Petitioners' counsel contacted Petitioners themselves.

Office Director, Philadelphia Field Office, ICE; Todd M. Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting United States Attorney General.

The Court previously scheduled a Show Cause Hearing on the Petition. However, both parties have agreed that a hearing is not necessary given the briefing and identical legal argument previously presented before this Court.[2] As such, the hearing scheduled for Friday, May 1, 2026, is **CANCELLED**. The Court thoroughly has considered the briefing, and without the need for a hearing, the Petition is ripe for review.

For the following reasons, the Petition is **GRANTED**.

Before the Court is another habeas corpus petition filed by undocumented individuals challenging their current physical custody and requesting immediate release. Petitioners filed this action pursuant to 28 U.S.C. § 2241, arguing that their civil confinement without any individualized custody determination violates the Immigration and Nationality Act ("INA") and associated regulations, as well as the Due Process Clause of the Fifth Amendment. *Id.* ¶ 3.

The Government admittedly presents the same statutory and jurisdictional arguments previously rejected by this Court. *Gov't's Resp.* 2. Specifically, the Government, again, argues that "the Court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(g) and that 8 U.S.C. § 1225(b)(2) controls the detention of Petitioners." *Id.* (citing *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200

---

[2] *Gov't's Resp. in Opp. to Pet. For Writ of Habeas Corpus and Resp. to Court Order* 3, ECF No. 12 ("Gov't's Resp."); *Pet'r's Notice* 1–2, ECF No. 13.

(S.D. W. Va. Feb. 12, 2026)). The Government acknowledges the previous cases are applicable if the Court adheres to its previous decisions. *Id.* 2. The Court's analysis has not changed.[3]

Petitioners, residents of Leon, West Virginia, were arrested on April 25, 2026, in or around Winfield, West Virginia, following a traffic stop for an alleged traffic infraction. *Am. Pet*. ¶¶ 9, 15.[4] They were transported to the ICE office in Poca, West Virginia where the Government states that Immigration and Customs Enforcement and Removal Officers charged them as "inadmissible" and served them with Notices to Appear at future immigration hearings. *Gov't's Resp*. 4 (citing *Sabillon Form I-213*, Gov't's Exhibit A, ECF No. 12-1, at 2–3; *Pacheco Form I-213*, Gov't's Ex. B, ECF No. 12-1, at 2–3). Petitioners were subsequently transported to Cambria County Prison in Ebensburg, Pennsylvania, where they are currently detained.[5]

This Court's interpretation is that Section 1225(b)(2)(A) applies to an undocumented individual who is both an "applicant for admission" and "seeking admission." 8 U.S.C. § 1225(b)(2)(A). Thus, Section 1225(b) does not apply to individuals, like Petitioners, who reside in and are arrested within the interior of the United States and are not "seeking admission."

---

[3] Since the Court's last ruling on an immigration habeas corpus petition, the Second Circuit Court of Appeals decided *United States Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044, at *2 (2nd Cir. Apr. 28, 2026), which is persuasive and aligned with this Court's previous statutory interpretation. The Court continues to reject the Fourth and Eighth Circuits Court of Appeals agreement with the Government's statutory interpretation in *Avila v. Bondi,* No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). The Fourth Circuit has yet to opine on the issue presented.

[4] The Petition states that "[a]n ICE vehicle was following the police vehicle and ICE officers arrived immediately after Petitioners were pulled over. Petitioners were not aware of any traffic infraction or lawful reason for the vehicle to be stopped." *Am. Pet*. ¶ 15. The Government claims the stop was "for defective equipment." *Gov't's Resp*. 3 (citing *Sabillon Form I-213*, Gov't's Exhibit A, ECF No. 12-1).

[5] The Government does not argue that jurisdiction or venue are improper based on Petitioners' location at the time the Petition was filed. *Am. Pet*. ¶¶ 7–10.

With reasoning consistent with the uniform position taken in this District and the majority of courts in the nation, the Court finds it has jurisdiction over the Petition and that Petitioners' detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2).[6] Thus, Petitioners are being subjected to detention in violation of their due process rights. Petitioners established their detention is unlawful and that release is the appropriate relief.[7]

Petitioners' Amended Verified Petition for Writ of Habeas Corpus is **GRANTED**. ECF No. 11. Respondents are **ORDERED** to **PROMPTLY RELEASE PETITIONERS** at the ICE office in Poca, West Virginia. Respondents are **ORDERED** to transport Petitioners back to the Southern District of West Virginia and to promptly notify the Court and Petitioners' counsel of

---

[6] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Gov't's Resp*. 2 (citing *Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026)); *Sanchez v. Noem*, No. CV 3:26-0067, 2026 WL 483475, at *4 (S.D. W. Va. Feb. 20, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, No. 2:26-cv-00057, 2026 WL 357872, at *14 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Because Petitioners were already present in the United States when detained, they were not 'seeking admission,' and § 1225(b)(2)(A) therefore does not apply."); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[7] Ordering a bond hearing would be futile given the reports of systematic denial of bond. *Decl. of Jose Artieda*, Pet'r's Ex. A, ECF No. 11-1; *Aff. of Lawrence O. Burman,* Pet'r's Ex. B, ECF No. 11-2.

the expected day and time of their return. The Court **ORDERS** Respondents to facilitate the prompt return of Petitioners' seized property, including legal documents. Respondents are **PROHIBITED** from re-arresting and detaining Petitioners absent a significant change in circumstances to justify detention or the determination of a neutral, detached decisionmaker or prior approval of this Court.[8]

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[8] This Order does not address the validity or invalidity of the Notices which the Government argues were served upon Petitioners. *Gov't's Resp.* 4–5 (citing Gov't's Ex. C–E, ECF No. 12-3–6).